UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GEORGINA SOLORZANO, § | |
| § | |
| Plaintiff, § | |
| § | No. 7-cv-01431 |
| v. § | |
| § | |
| WAL-MART STORES, INC., § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant's Motion for Summary Judgment. For the following reasons, Defendant's Motion, Doc. No. 21, is **DENIED IN PART**. Also pending is Plaintiff's request for a continuance. Plaintiff shall inform the Court no later than May 9th, 2008 whether further discovery is still needed regarding Defendant's constructive knowledge of the allegedly dangerous condition.

**I.   BACKGROUND**

On December 22, 2005, Plaintiff slipped and fell in the produce section of a Wal-Mart store in Houston, Texas. Plaintiff claims she was severely injured as a result of the fall; the record indicates that she broke her ankle. Plaintiff alleges that her fall was the result of a "clear wet liquid on the floor; believed to be water." (Doc. No. 23, ¶ 2.2.) Plaintiff filed suit in the 269th District Court of Harris County on February 28, 2007. Defendant removed the lawsuit to this Court on April 27, 2007.

**II.   ANALYSIS**

   **A.   Summary Judgment Standard**

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. FED. R. CIV. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."); *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Crawford*, 234 F.3d at 902.

**B.  Premises Liability Standard**

To establish a claim for premises liability under Texas law, Plaintiff must show:

1) actual or constructive knowledge of some condition on the premises by the owner/operator;
2) the condition posed an unreasonable risk of harm;
3) the owner/operator did not exercise reasonable care to reduce or eliminate the risk;
4) the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Keetch v. Kroger Co.*, 845 S.W.2d 262, 265 (Tex. 1992). Defendant contends that there is no genuine issue of material fact as to whether a condition existed on the premises that posed an unreasonable risk of harm, or as to whether it had actual or constructive notice of a condition on the allegedly dangerous condition.

There is clearly a genuine issue of material fact as to whether a condition existed on the premises that posed an unreasonable risk of harm. A condition presenting an unreasonable risk of harm is defined as "one in which there is sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen." *Seideneck v. Cal Bayreuther Associates*, 451 S.W.2d 752, 754 (Tex. 1970). Defendant points out that Plaintiff herself testified that she did not know the cause of her fall. (*See* Doc. 21, Ex. B, p. 50-51.) Plaintiff presents other evidence, however, that there was water on the floor where Plaintiff fell. For example, Plaintiff's daughter-in-law, Dania Melendez, testifies that a Wal-Mart employee put out a yellow "wet floor" sign near the site of the accident after the fall. (Doc. 23, Ex. C, p. 9). Ms. Melendez also testifies that a Wal-Mart employee put paper towels on the floor next to Ms. Melendez and that the paper towels were wet. (Doc. 23, Ex. C. p. 10, 51; see also Doc. 23 Ex. E, p. 41.) Ms. Melendez additionally testifies that Plaintiff's back was wet. (Doc. 23, Ex. C, p. 11.) Similarly, Naty Rodriguez, Plaintiff's granddaughter, testifies that the "floor was wet," that she saw "puddles around [Solorzano]," and that she believes her grandmother fell because "the floor was wet." (Doc. 23, Ex. E, p. 8, 10, 35.). Plaintiff also provides a photograph depicting what might be paper towels at the scene of the accident. (Doc. 28, Ex. A.) Wal-Mart assistant manager Larry James, on the other hand, testifies that there was no water on the floor, though he did se a "little leaf of cilantro, about a size of a dime" near where she fell. (Doc. 21, Ex. G, p. 38.) Plaintiff has clearly provided evidence that would allow a reasonable jury to conclude that a condition presenting an unreasonable risk of harm existed on the premises.

There is also a genuine issue of material fact as to whether Defendant had actual knowledge of the allegedly dangerous condition. Plaintiff's granddaughter, Naty Rodriguez,

3

testified that she heard a Wal-Mart employee who was standing by the bananas at the time of the accident say to her grandmother "Wal-Mart knew that it was wet and it was their mistake" or that "they knew the floor was wet and then that they're going to take care of it, don't worry about it." (Doc. 23, Ex. E, p. 9, 10.) Although Ms. Rodriguez admitted that she could not be certain from that statement when Wal-Mart knew the floor was wet, (Doc. 25, Ex. A), the Court finds that Ms. Rodriguez' testimony creates a genuine issue of material fact as to whether Defendant had actual knowledge of the dangerous condition.[1]

Plaintiff also contends that Defendant had constructive knowledge of the allegedly dangerous condition. To establish that a premises owner had constructive knowledge of the condition, a slip-and-fall Plaintiff must establish that "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). The Texas Supreme Court explained:

> An employee's proximity to a hazard, with no evidence indicating how long the hazard was there, merely indicates that it was possible for the premises owner to discover the condition, not that the premises owner reasonably should have discovered it. Constructive notice demands a more extensive inquiry. Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition.

*Id.* at 816; *see also Dixon v. Wal-Mart Stores, Inc.*, 330 F.3d 311, 314-15 (5th Cir. 2003) (analyzing Texas law and declaring "an employee's proximity to a hazard cannot establish constructive knowledge."). Although proximity evidence alone is insufficient to establish constructive knowledge, it is relevant to the analysis of "what constitutes a reasonable time for a premises owner to discover a dangerous condition." *Reece*, 81 S.W. at 816. There must,

---

[1] Defendant's argument that the statement is hearsay is unfounded. The employee's statement is an admission by a party opponent. FED. R. EVID. 801(d)(2).

4

however, "be some proof of how long the hazard was there before liability can be imposed on the premises owner." *Id.*

Plaintiff thus far has pointed to no evidence suggesting how long the water had been on the floor. In Plaintiff's initial response to the pending motion, Plaintiff asked for a continuance to carry out further discovery regarding the issue of notice. *See* FED. R. CIV. P. 56(f); *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991). Plaintiff has since filed a supplemental response to the pending motion, indicating that at least some of the discovery Plaintiff sought to take has been completed. The discovery deadline has not passed. Plaintiff shall have until May 9, 2008 to inform the Court what, if any, further discovery related to the question of constructive knowledge is still needed. The Court will then issue a ruling on Plaintiff's request for continuance.

### III. CONCLUSION

Because there is a genuine issue of material fact as to whether a dangerous condition existed on Defendant's premises and as to whether Defendant had actual knowledge of that condition, Defendant's Motion for Summary Judgment is **DENIED IN PART**. Plaintiff shall have until May 9, 2008 to inform the Court whether further discovery related to constructive knowledge is still needed. The Court will then issue a ruling on Plaintiff's request for a continuance.

**IT IS SO ORDERED.**

**SIGNED** this 5th day of May, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

5