UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGINA SOLORZANO, | § § § | |
| Plaintiff, | § § | No. 7-cv-01431 |
| v. | § § | |
| WAL-MART STORES, INC., | § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for New Trial. (Doc. No. 51.) For the following reasons, Plaintiff's Motion shall be denied.

I.  BACKGROUND

On December 22, 2005, Plaintiff slipped and fell in the produce section of a Wal-Mart store in Houston, Texas. Plaintiff claims she was severely injured as a result of the fall; the record indicates that she broke her ankle and required medical treatment. Plaintiff alleges that her fall was the result of a "clear wet liquid on the floor; believed to be water." (Doc. No. 23, ¶ 2.2.) The Court denied the Motion for Summary Judgment of Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), and the case proceeded to a jury trial.

During trial, contrary to the Court's rules, defense counsel sat at counsel table nearest the jury and plaintiff's counsel sat at the table typically occupied by defense counsel. Perhaps because of this seating arrangement, the Court directed Defendant to conduct its voir dire before Plaintiff. In addition, the Court directed Defendant to give its opening statement prior to Plaintiff.

At the close of trial, an agreed jury charge was submitted that first asked the jury to apportion negligence between Plaintiff and Wal-Mart and subsequently asked the jury to ascertain damages. The jury found that Plaintiff had incurred medical expenses and suffered damages for physical pain, suffering and impairment. However, the jury also found that Plaintiff was 80 percent negligent and therefore, under Texas law, Plaintiff took nothing. Plaintiff now moves for a new trial.

## II. PLAINTIFF'S MOTION FOR NEW TRIAL

### A. Standard

Plaintiff does not specify the federal rule under which she urges her Motion. It is titled a "motion for new trial" suggesting a FED. R. CIV. P. 59(b) motion. A motion for reconsideration may be made under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004). Such a motion must "clearly establish either a manifest error of law or fact or must present newly discovered evidence. These reconsideration motions cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). In considering a motion for reconsideration under either 59(e) or 60(b), a court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). The federal rules specify that:

> unless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial, for setting aside a verdict, or for vacating modifying or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

FED. R. CIV. P. 61.

A motion for a new trial or a motion to alter or amend a judgment must be filed within 10 days of the final judgment. FED. R. CIV. P. 59(b), (e). The 10-day deadline is mandatory and jurisdictional. *See U.S. Leather, Inc. v. H & W Partnership*, 60 F.3d 222, 225 (5th Cir. 1995); *Knapp v. Dow Corning Corp.*, 941 F.2d 1336, 1338 (5th Cir. 1991). Plaintiff filed her Motion for New Trial more than 10 days after the entry of final judgment. *See* FED. R. CIV. P. 6. Consequently, Plaintiff's Motion will be considered under FED. R. CIV. P. 60(b). *See In re Stangel*, 68 F.3d 857, 869 (5th Cir. 1995) (motions for reconsideration served more than 10 days after the entry of judgment are generally considered under 60(b)).

A motion for relief from a judgment or order, made within a reasonable time, may be granted to relieve a party or its legal representative from a final judgment, order, or proceeding for one of six reasons. FED. R. CIV. P. 60(b). These six reasons are:

> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.

FED. R. CIV. P. 60(b). Relief under FED. R. CIV. P. 60 is an "extraordinary remedy," and the desire for a predictable judicial process mandates caution in reopening judgments. *In re Pettle*, 410 F.3d 189, 190 (5th Cir. 2005).

In her Motion, Plaintiff does not appear to argue that there is new evidence or fraud, or that the judgment is void or has been satisfied. Consequently, the Court will determine whether

there was mistake or excusable neglect, or whether relief is warranted under the "any other reason" clause.

### 1. Mistake or Excusable Neglect

Under 60(b)(1), ignorance of local rules or misinterpretation of the federal rules does not constitute excusable neglect and a district court would abuse its discretion if it were to reopen a case based on counsel's carelessness or misapprehension of the law or rules of court. *See Martin v. Akzo Nobel Polymer Chemicals,* LLC, 180 Fed. Appx. 519, 521-22 (5th Cir. 2006) (not designated for publication); *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d at 356-57. The Fifth Circuit has construed the "mistake" portion of 60(b)(1) to require relief when the case involves a plain misconstruction of an applicable statute or caselaw, but a 60(b)(1) motion is not a substitute for an appeal. *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 696 (5th Cir. 1983).

### 2. Any Other Reason

To allow a release from judgment under 60(b)(6), the movant must show that the initial judgment was manifestly unjust; the provision is used to provide justice under exceptional circumstances. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d at 57 (internal citations omitted). Rule 60(b)(6) motions are not substitutes for timely appeals. *See Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). A party "remains under a duty to take legal steps to protect his own interests," that is "[t]here must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." *See, Ackermann v. U.S.*, 340 U.S. 193, 198 (1950); 8 Wright & Miller, Federal Practice And Procedure: Civil 2d § 2864, at 359 (1995).

## B. Analysis

### 1. Order of Voir Dire and Opening Statements

4

Plaintiff acknowledges that neither the Federal Rules nor caselaw requires the plaintiff to present her case first. She, however, argues that Texas Rules of Civil Procedure state that the party with the burden of proof shall go first and last, and Texas state law holds that the party with the burden of proof should be allowed to initiate voir dire. Plaintiff contends that she was unfairly prejudiced because defense counsel conducted voir dire and presented his opening statement first. Plaintiff refers to unidentified "studies" that "detail the very real and valuable benefit of going first and going last in trial; primacy and recency." (Pl. Mtn., at ¶ 3.5.) Defendant responds that Plaintiff did not object when the Court instructed defense counsel to proceed with voir dire and to present opening arguments.

Under the Federal Rules, the Court may conduct voir dire or may permit the attorneys to do so. FED. R. CIV. P. 47(a). The Federal Rules do not specify the order in which the parties conduct voir dire, if the court decides to permit them to do so. The trial judge exercises substantial control over voir dire in the federal system and determines the range of information that may be discovered about a prospective juror. *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 623 (1991). Here, Plaintiff did not object to the order at the time of the voir dire, she does not object to the content of the questions asked, and the Court finds her conclusory arguments unavailing that the effect of Defendant conducting voir dire first was prejudicial, or unjust, such that the extraordinary remedy of 60(b) is justified. Plaintiff's Motion as to this point of error shall be denied.

Whether to grant the privilege of an opening argument is entrusted to the discretion of the trial court judge. *Clark Advertising Agency, Inc. v. Tice*, 490 F.2d 834, 836-37 (5th Cir. 1974). The decision to allow a party to open and close a jury trial does not go to the merits of the case and rests with the discretion of the trial court. *Moreau v. Oppenheim*, 663 F.2d 1300, 1310-11

(5th Cir. 1981) (citing *Day v. Woodworth*, 54 U.S. 363, 370 (1851)). In this case, the mistaken seating arrangement was discovered prior to the opening of evidence. Consequently, Plaintiff put on her case first, and she provided the final closing argument. The Court does not find that a reversal from the standard order of opening arguments, without more, merits relief from judgment. *See, e.g., U.S. v. Gonzalez*, 436 F.3d 560, 582-83 (5th Cir. 2006) (overruling the defendant's objection, in the criminal context, to the order of closing arguments in a multi-defendant case because the defendant pointed to no specific unfairness or prejudice or authority to support his objection). Indeed, there are lawyers who believe that it is an advantage to allow the other party to proceed first with voir dire and opening statements. Plaintiff's Motion as to this point of error shall be denied.

### 2. Damages Question in the Jury Charge

Plaintiff contends that she should have asked for the damages question to be predicated on a finding of 50 percent of more negligence, but acknowledges that she did not object to the charge at the proper time. FED. R. CIV. P. 51. She contends that, after the trial, the jury foreperson allegedly said that "they thought they had given Mrs. Solorzano something by their verdict." (Pl. Mtn. at ¶ 3.9.) The Court received no such communication, and the alleged statement is no more than hearsay. In any event, Defendant responds that, because Plaintiff agreed to the jury instructions, she has waived error as to all complaints.

In considering whether a jury instruction is erroneous, the court considers the charge as a whole. *Septimus v. University of Houston*, 399 F.3d 601, 607 (5th Cir. 2005). A court's refusal to give a requested jury instruction is reversible error if the requested instruction "was a substantially correct statement of the law, 2) was not substantially covered in the charge as a whole, and 3) concerned an important point in the trial such that the failure to instruct the jury on

6

the issue seriously impaired the [party's] ability to present a given [claim]." *Travelers Cas. and Sur. Co. of America v. Ernst & Young LLP*, 542 F.3d 475, 489 (5th Cir. 2008) (quoting *Kanida v. Gulf Coast Medical Personnel LP*, 363 F.3d 568, 578 (5th Cir. 2004)).

Here, Plaintiff did not object to the failure to include the instruction conditioning damages on liability. Even if she had, it is unlikely this would be reversible error. The submitted jury instructions were lifted verbatim from the Pattern Jury Charge produced by the State Bar of Texas. The Pattern includes a jury instruction that conditions damages on liability, but its inclusion is not mandated. TEXAS PATTERN JURY CHARGES 80.1 (2006) ("PJC 80.1 may be used to condition answers to personal injury damages questions on a finding of liability as permitted by Tex. R. Civ. P. 277"); *Id.* at xxvii ("The pattern charges are suggestions and guides to be used by a trial court if they are applicable and proper in a specific case"). Given, however, that Plaintiff declined to object to the inclusion of the instruction, and given that the jury charge as submitted accurately reflected the applicable Texas law, the Court finds that Plaintiff's Motion as to this point of error shall be denied.[1]

---

[1] In a summary section after the three separate arguments concerning the order of voir dire and opening argument and the jury charge, Plaintiff argues that the greater weight of the credible evidence provided that Defendant was more than 50 percent liable for Plaintiff's injuries such that she should be granted a new trial. *Cates v. Creamer*, 431 F.3d 456, 460 (5th Cir. 2005) (holding that a district court may grant a new trial if the jury verdict was against the great weight of the evidence). She explains that Wal-Mart employees were using a cart to unload heads of lettuce, a product inherently full of water. She then notes that all three granddaughters testified that the floor was wet where Plaintiff fell, that they saw wet floor signs and paper towels, and that the produce manager, Mr. James, held a roll of paper towels in his hand in a post-incident cell phone photo. She contends that James' testimony that, in the photo, he was holding papers rather than a roll of towels lacks credibility and notes several purported inconsistencies in his testimony. Given that Plaintiff's Motion may not be one for a new trial because it was untimely filed, the Court likely has no jurisdiction to consider this contention. Even if it did under 60(b), it would conclude that no extraordinary relief is warranted because there was evidence presented at trial such that a reasonable jury could have found as it did as to Wal-Mart's liability. Plaintiff's Motion as to this point of error shall be denied.

## III. CONCLUSION

Plaintiff's Motion for New Trial (Doc. No. 50) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 27th day of April, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE